## GIANT MFG. CO. v. DAVIS.

No. 3320.

Court of Civil Appeals of Texas. El Paso.

Feb. 20, 1936.

Rehearing Denied March 19, 1936.

Russell & Beaucaire, of San Antonio, for appellant.

Harry B. Berry, of San Antonio, for appellee.

WALTHALL, Justice.

In this case Arlon B. Davis, as plaintiff, brought this suit against Giant Manufacturing Company, a corporation, defendant, to recover for commissions which he alleges he earned as district sales manager for defendant.

We will designate the parties as plaintiff and defendant, as in the trial court.

Plaintiff's suit for commission is based upon a written contract of employment of date April 26, 1930. The contract is lengthy, and we state only the part referring to and providing for the compensation to be paid plaintiff under its terms. It reads as follows: "The first party (plaintiff) expressly agrees to accept as full and complete compensation for his efforts in the sale of Giant Products commissions representing the difference between the following discounts off catalogue list prices and the net price paid by the customers on all sales made by him in the above named territory:— (naming goods not involved here. The discount being 4% off the catalogue price). Floodlight Projectors, 40% and 10%. On orders for 12 or more No. 4500 and No. 2510, 50% and 10%. F.O.B. Cars factory."

The contract then proceeding provides for deductions and discounts given customers, not involved in plaintiff's statement of his cause of action.

Plaintiff alleged that in the performance of the contract he effected a sale of the floodlight projectors to the San Antonio Baseball Club for the sum of $5,200; that the catalogue price for the projectors was $8,000, 40 per cent. of which was $3,200; that defendant received the full stipulated sales price of $5,200, and paid plaintiff as his commission only $800 of the $2,000 due him under the provision of the contract. Plaintiff sues for the $1,200 still unpaid and which he alleges defendant refuses to pay. Plaintiff then alleges: "Defendant has therefore breached said contract by failing to pay the difference between 40% of the catalogue price and the net price paid by the purchaser and of which the sum of $1,200.00 is still owing plaintiff."

Apparently plaintiff stated the amount of his compensation on said sale as indicated in the above-copied portion of his petition, that is, "the difference between 40% of the catalogue price and the net price paid by the purchaser." The compensation agreed to in the contract as above stated is a "commission representing the difference between the following discounts *off* (not *of,* as in the petition) catalogue list prices and the net price paid by the customer." As to floodlight projectors, the discounts named in the contract are "40% off the catalogue price."

To the above portion of plaintiff's petition defendant answered by general denial and specially denied that plaintiff was entitled to receive the compensation as pleaded by plaintiff; denied that his compensation for the sale to the San Antonio Baseball Club was $2,000; alleged that, if plaintiff was entitled to receive any commission on said sale under the terms of said contract, it was "the difference between 40% off the catalogue list price and the net price paid by the customer," which defendant alleged to be as follows: If the catalogue was $8,000 and the price paid was $5,200, plaintiff would be entitled to receive the difference between $4,800, the net after deducting 40 per cent. of the $8,000, and the net price of $5,200, leaving a balance of $400, and alleged that by cash and credit payments he had overpaid plaintiff $800, for which he sued in his cross-action.

Defendant further specially pleaded other matters in its cross-action, but we will state and consider such with the propositions referring thereto.

The court permitted plaintiff to amend his petition by substituting the word "off" for the word "of," thus conforming to the statement in the contract, but not changing the amount of commission claimed, if there is any difference.

Upon special issues submitted, the jury found that "under the usage or custom of the business of selling on commission the expression '40% off the catalogue price' means 40% of the catalogue price"; that "under the usage or custom of the business of selling on commission the expression '40% off the catalogue list price' does not mean the remainder of the catalogue price after deducting therefrom 40%."

The court in the judgment denied plaintiff a recovery on some items sued for, and denied defendant recovery on its cross-action in this suit, and dismissed same without prejudice. The court entered judgment in favor of plaintiff in the sum of $800 on his suit for unpaid commissions on sale of the floodlight projectors and interest thereon from the date of the judgment.

From that judgment defendant prosecutes this appeal.

The record shows the following undisputed facts: Plaintiff and defendant, prior to the matters involved here, entered into a written contract which authorized plaintiff to make sale of the floodlight product and stated plaintiff's commission for making the sale; the catalogue price of the product sold was fixed at $8,000; the net price at which the product was sold was $5,200; plaintiff, acting under the contract, made the sale; defendant accepted the sale as made, and voluntarily paid plaintiff as commission under the contract $800; plaintiff's suit for an alleged unpaid balance of commission is based on the written contract. The question to be determined by the suit was the commission to be paid plaintiff for making the sale. The plaintiff and defendant did not agree as to meaning of the written contract. We have stated the verbiage of the written contract in fixing the commission to be paid. The case seems to have been tried on the theory that the commission was to be the difference between 40 per cent. off the catalogue price and the net price paid by the purchaser.

■ While plaintiff claims a commission of $2,000 and $800 paid, with a balance due of $1,200 for which he sues, defendant claims that $400 was the commission due, and an overpayment of $400 was made for which it sues in its cross-action. Defendant does not allege that the overpayment was made under circumstances that justify its recovery, so that it tenders no issue for recovery of an overpayment. Defendant could not recover for an overpayment voluntarily made. 32 Tex.Juris. p. 727, par. 48, and cases cited.

■ Defendant submits many propositions for consideration; the first five being in substance to the effect that the contract is unambiguous and it was error to submit to the jury whether under the usage and custom of the business of selling on commission the expression 40 per cent. off, and 40 per cent. of, the catalogue price, means the same. Plaintiff had used the word "of" in declaring upon the contract, and, to avoid a conflict between his pleading and the contract offered which used the word "off," plaintiff amended his petition, using the word "off." We think it was not reversible error under the evidence to submit the issue to the jury. Parks v. O'Connor, 70 Tex. 377, 8 S.W. 104; General Bonding Co. v. McQuerry (Tex.Civ. App.) 191 S.W. 858; Dallas Oil & Refining Co. v. Washington Cotton Oil Co. (Tex. Civ.App.) 283 S.W. 345.

After it was decided that "off" and "of," in making the sale, meant the same, the court construed and applied the contract to the facts shown by the evidence. We do not think the evidence shows that the commission on the sale was agreed upon by special oral argument, as contended by appellant.

■ We think it was not reversible error to dismiss, without prejudice, defendant's cross-action. A cross-demand against the plaintiff's former firm is not permissible, in the absence of a plea that plaintiff has assumed the firm's debt. 32 Tex. Jur. p. 409, par. 122, and cases there cited.

Under the facts disclosed by the record, we think no reversible error is shown in overruling defendant's motion for a continuance. We think sufficient diligence is not shown.

Propositions not discussed here have been considered and overruled.

The court entered judgment for plaintiff in the sum of $800 and not for $1,200 sued for. The $400 omitted in the judgment was a part of the defendant's cross-actions which had gone out of the case. The evidence, however, shows that defendant had paid Lewis the $400 with the consent of plaintiff.

Plaintiff has no cross-action or appeal. We have concluded to affirm the judgment as entered, and it is so ordered.

The judgment is affirmed.