### SIEGEL v. HOOD et al.

#### No. 10282.

Court of Civil Appeals of Texas.
San Antonio.

June 29, 1938.

Rehearing Denied Aug. 3, 1938.

Grady Barrett and Dodson & Ezell, all of San Antonio, for appellant.

M. J. Arnold and Geo. M. Mayer, both of San Antonio, for appellees.

SLATTON, Justice.

V. R. Hood instituted this suit against George A. Siegel in the 37th District Court of Bexar County upon a written contract for the installation of a cooling system in the place of business owned by Siegel, known as the Canadian Fur Company, situated in the City of San Antonio. Hood claimed full performance upon his part and a failure to pay the contract price upon the part of Siegel. Siegel filed a cross-action against Hood and the Aetna Casualty and Surety Company.

There was a jury trial, and the jury found that Hood performed the contract according to its terms and specifications; thereupon the court entered judgment in favor of Hood against Siegel for the unpaid portion of the contract price, and a foreclosure of the chattel mortgage lien against the property, and denied Siegel judgment upon his cross-action against Hood and the Surety Company. Siegel appeals.

■■ The appellant attacks the verdict of the jury, that is, the answer to special issue No. 1, as being against the overwhelming weight and preponderance of the evidence. As a part of the contract sued upon, Siegel prepared specifications for the installation of the equipment. The material portion of such specifications is as follows, to-wit: "The equipment and system installed will be of sufficient capacity and by its operation will automatically control the temperature, air flow, and humidity when the outside dry bulb temperature is 95° F. and the outside wet bulb temperature is 77° F., so that the conditions inside the space to be cooled will be within the Average Summer Comfort Zone as designated by the American Society of Heating and Ventilating Engineer's Guide of 1935, except that the relative humidity

will in no case exceed sixty (60) per cent. The indoor conditions will be reached and maintained within a period of two hours after the equipment is put into operation."

The proof showed, without dispute, that Hood installed the equipment and the issue as made between the parties was whether or not the results contracted for could be obtained by the use of the equipment so installed. There was evidence tending to show that the equipment produced the results in accordance with the quoted specifications of the contract. Evidence, in addition to that given by Hood, was introduced through the witness Hardlek, which tended to show full performance of the contract upon the part of Hood. The evidence is highly technical in its nature. The real difference between the expert witnesses testifying in the case is that Hood and Hardlek testified that the summer comfort zone, as designated by the American Association of Heating and Ventilating Engineer's Guide of 1935, must be applied with regard to the particular location in which the equipment is installed and used. That is, the chart as made and designed was intended to be used as the chart for the northern part of the United States, and when the chart is used in the southern part of the United States, where the climate is milder, higher effective temperatures must be maintained inside buildings to reach the summer comfort zone for the inhabitants of the building. Excerpts from the Guide of 1935 were offered in evidence by the appellee which tended to support this theory; one of which is as follows, to-wit: "Even in the warm southern and southwestern climate and in the very cold north central climate of the United States, the comfort chart would probably have to be modified according to the climate, living and working conditions and degree of acquired adaptation."

Another is as follows: "It should be kept in mind that southern people, with their more sluggish heat production and lack of adaptability, will demand a comfort zone several degrees higher than those given here for the more active people of northern climates. Instead of the summer comfort line standing at 71° as here given, it was found to be much higher for foreigners in Shanghai where climatic conditions are similar to those of our Gulf states. This difference in basic metabolic level of people forms a very real problem for air conditioning engineers, which they must recognize in their efforts to give proper conditions of comfort."

According to the evidence, the test made by Hood and Hardlek showed the effective temperature inside the building in which the installation was made, to be within the summer comfort zone as designated by the Guide of 1935. According to the evidence given on behalf of the appellant by the expert witness the effective temperature inside the building was a little higher than the summer comfort zone designated by the Guide of 1935. The expert witnesses on behalf of the appellee testified that air conditioning engineers recognized this difference, and in the installation of air conditioning machinery in order to reach the comfort zone effective temperatures must be maintained higher than that designated by the Guide of 1935. It is believed that under the evidence a fact question was made for the determination of the jury. It appears to us to be reasonable that in the cooler climates of the country lower effective temperatures must be maintained inside buildings in order to reach a comfort zone for the inhabitants of the building than would be necessary in buildings situated in the warmer climates. Conversely it would appear to be reasonably necessary to maintain higher effective temperatures inside buildings situated in the warmer climates in order to reach a comfort zone for the inhabitants of the building, than it would to reach a comfort zone in the buildings situated in cooler climates of the country.

Viewed in the light of the attack made, it is our opinion that the finding of the jury is not against the overwhelming weight and preponderance of the evidence. It is elementary that a reviewing court will only set aside the findings of a jury supported by the evidence, when it is shown to be manifestly wrong.

■ It is next contended by the appellant that the trial court erred in permitting the appellee to read in evidence excerpts from the Guide of 1935 of the American Society of Heating and Ventilating Engineers. It is observed that the objections leveled at this evidence when offered were too general to entitle the appellant to complain. Moreover, the summer comfort zone designated by the engineers was made the criterion of the performance of this contract. It appears to us that its construction and application by the Society were relevant upon the issue made between the par-

ties to this record. These excerpts being explanatory of the criterion of performance of the contract, we perceive no error in their admission. It is also observed that evidence of similar import is found in the record given by the witness Hardlek, which was admitted without objection from the appellant.

There being no reversible error, the judgment is affirmed.