**GRIFFITH v. THOMSON.**

No. 12357.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 19, 1951.

Nelson G. Copp, San Antonio, for appellant.

Nass & Bradley, San Antonio, for appellee.

NORVELL, Justice.

This suit was brought by Harold M. Griffith against Luella S. Thomson to recover for services rendered. Mrs. Thomson defended upon two grounds: (1) that plaintiff had led her to believe that he was an architect, when in fact he was not, and for that reason he could not recover because of the provisions of Article 249a, Vernon's Civil Statutes, and (2) that the agreement she had with Griffith was that he would prepare plans and specifications for a home which would be satisfactory to her, but that no acceptable plans were ever produced.

Trial was to the court without a jury. Judgment was rendered in favor of Mrs. Thomson. No findings of fact and conclusions of law were requested or filed.

There is considerable discussion in the briefs concerning the validity of certain portions of Article 249a, relating to the registration of architects, but it seems logical to first consider Mrs. Thomson's contention that Griffith never performed his contract, for if he did not, he could not recover, regardless of how the architect's licensing act might be construed.

Mrs. Thomson testified that she first saw Mr. Griffith about designing a house during the first part of August, 1950. He helped her acquire a lot upon which the house was to be constructed. The building was to cost approximately $20,000.00, and Griffith was to be paid four per cent of this amount for preparing plans and specifications and overseeing the construction of the building. Mrs. Thomson testified that, "From the very beginning I knew what I wanted and I told him I wanted an architect who could catch my vision and develop my plans as I had dreamed them and he assured me that he understood and could do it and he went to great length telling me how he always pleased his customers and he said on several occasions, 'I assure you, Mrs. Thomson, if I don't please you in the entire situation you are not obligated to me for one cent.'"

Mrs. Thomson testified repeatedly that "satisfaction to her" was an essential part of the agreement. She said, "He (Griffith) told me. He stated on many occasions, and I entered into the contract with full belief it was true, that if he did not satisfy me to my complete satisfaction, I wouldn't be obligated to him at all. I thought that was good enough."

The parties ran into numerous difficulties with the plans and specifications. The evidence shows that the contemplated house was an unusual one. No completed plans and specifications were ever delivered to Mrs. Thomson and accepted by her. As to the reasons for the non-completion of the plans, there is conflict in the testimony. According to Griffith, delay was caused by Mrs. Thomson's failure to consult with him so that the details of the plans could be completed. According to Mrs. Thomson, she discussed with Griffith the type and kind of house she wanted, and told him she wanted it completed by Christmas, but that she could never get Griffith to complete the plans. She testified that she found out that Griffith was neither an architect nor a draftsman, but had to depend upon one of his employees to actually prepare the plans, and that during mid-November, 1950, after numerous interviews, discussions and delays, Mrs. Thomson finally decided that she would never obtain satisfactory plans from Griffith, and terminated her business relationship with him.

From the evidence, the trial judge could reasonably find that under the agreement of the parties Griffith was to furnish plans and specifications satisfactory to Mrs. Thomson. From the evidence, the trial judge could likewise find that the failure to complete the plans was not the result of arbitrary and capricious action on the part of Mrs. Thomson. The district judge, as the trier of facts, was authorized to believe and credit Mrs. Thomson's testimony and, under her version of the various transactions involved, she was justified in ending business relations with Griffith on the ground that he had not and was not performing in accordance with the agreement. This is a case in which the trial judge has found against appellant upon the facts. His findings have support in the evidence and we would therefore be unauthorized to substitute our own findings for those of the trial judge. Halliburton v. Texas Indemnity Ins. Co., 147 Tex. 133, 213 S.W.2d 677.

The judgment is affirmed.