## SILVER v. NEON SIGNS & SERVICE, Inc.

### No. 12395.

Court of Civil Appeals of Texas. San Antonio.

April 2, 1952.

Rehearing Denied April 30, 1952.

Neil E. Beaton, San Antonio, for appellant.

Davis, Clemens, Knight & Weiss and George H. Spencer, all of San Antonio, for appellee.

POPE, Justice.

Appellee brought this suit for an unpaid balance claimed under a written contract

to furnish appellant a neon sign. The case was tried without the intervention of a jury, and the trial court rendered judgment against appellant for the unpaid balance and attorney's fees. Whether appellee could recover on a written contract, a portion of which was not offered in evidence, and whether appellee discharged its burden to prove performance of the contract, are the points raised by this appeal.

We think the judgment should be affirmed. The sign company sued upon a written contract which was attached to its pleadings except that the contract referred to a sketch or drawing of a "Wishing Well" which the sign was to depict. The sketch was not attached to the pleadings and was not offered in evidence. Appellant objected to the offer of the contract without an accompanying offer of the sketch and made a motion for judgment, after the sign company rested its case, on the grounds that no prima facie case was proved. The sign company by unchallenged evidence proved that the sketch, which we consider a part of the written contract, was lost and unavailable at the time of trial. The vice-president and general manager for the company stated that the sketch should have been in the company's safe, where he thought it was originally deposited. He stated that he originally had the sketch and that it was put in a safe place in the company's office. He stated that such sketches were not usually kept after an order was filled; that he had made a search "every place" for it, and that two other persons had also made an unavailing search for it. He stated that it was probably thrown out with the trash. "What is sufficient proof of the loss of an original document or the inability of a party to produce the same is largely a matter in the discretion of the trial court. * * * The tendency of modern decisions is to somewhat relax the rules of evidence and to turn on the light." Spencer v. Levy, Tex.Civ.App., 173 S.W. 550, 556; Holley v. Mucher, Tex.Civ.App., 165 S.W.2d 1015. We do not think the trial court erred in excusing the production of the sketch, since there was a showing that it was lost, accompanied by an unsuccessful search.

Miller Management Co. v. State, Tex.Civ. App., 159 S.W.2d 218, affirmed 140 Tex. 370, 167 S.W.2d 728; Dabney v. Keene, Tex.Civ.App., 195 S.W.2d 682.

Whether the sign company introduced sufficient secondary evidence or any other evidence to establish performance of the written contract which included the sketch or drawing, is the other point in the case. The burden of proof was on the sign company to prove performance under the contract. Giant Mfg. Co. v. Davis, 132 Tex. 220, 121 S.W.2d 590; Hillmer v. Asher, Tex.Com.App., 29 S.W.2d 1011; Crane v. Colonial Holding Corp., Tex.Civ. App., 57 S.W.2d 316. We think that the evidence sufficiently showed compliance with the written contract including the sketch.

Since the court made no findings of fact, we shall view the evidence in the light most favorable to the judgment of the court. Suit v. Taylor, Tex.Civ.App., 218 S.W.2d 243; Gray v. Luther, Tex.CivApp., 195 S.W.2d 434. Viewing the evidence in that way, there is proof that the parties executed the contract on May 4, 1949, and that it required the erection of a neon sign at appellant's place of business in accord with the sketch of the sign. For this service, appellant agreed to pay $475. The sign was manufactured and erected, and about a month or six weeks later, on appellant's complaint about the location of the sign, the sign company moved the sign to another place. About eight months later, upon the further complaint that the sign could not be read, the sign company repainted the background of the sign. About four months after the repainting was done, appellant paid $100 to apply against the amount claimed under the contract. The balance of $220 was never paid. The inferences are that appellant continuously used the sign from July of 1949 until the trial, which was a period of more than two years. If performance under the contract was faulty or unsatisfactory, that was a matter of defense; but the facts sufficiently proved a prima facie case of performance under the contract. Siegel v. Hood, Tex.Civ.App., 119 S.W.2d 120; Gleghorn v. Russell, Tex.Civ.App., 62 S.

W.2d 285; Goode v. Ramey, Tex.Civ.App., 48 S.W.2d 719; John Maynard Lumber Co. v. Brazell, Tex.Civ.App., 28 S.W.2d 877; Davidson v. Swanson, 24 S.W.2d 776, 777; Cochran v. Taylor, Tex.Civ.App., 209 S.W. 253; Vaky v. Phelps, Tex.Civ.App., 194 S.W. 601; Stanford v. Wright, 41 Tex.Civ. App. 346, 92 S.W. 269.

The judgment is affirmed.