**GOLDEN STATE MUTUAL LIFE INSUR-
ANCE COMPANY, Appellant,**

v.

**John L. KELLEY, Appellee.**

**No. 14270.**

Court of Civil Appeals of Texas.

Houston.

May 28, 1964.

Rehearing Denied June 25, 1964.

W. J. Durham, Dallas, A. M. Wickliff, Wm. R. Brown, R. Gordon Gooch, Houston,

Baker, Botts, Shepherd & Coates, Houston, of counsel, for appellant.

J. Paul Pomeroy, Jr., Houston; Roland A. Baker, Leonard Z. Finger, Houston (On Motion for Rehearing), for appellee.

COLEMAN, Justice.

This is a controversy between an insurance company and a former general agent. The issue is the right of the company to terminate the agency contract.

By written contract the company designated appellee a general agent in the Houston area for the purpose of soliciting applications for insurance, collecting premiums, and certain other enumerated acts. The contract specifically provided:

"14. TERMINATION—This Agreement shall continue in full force and effect until terminated, with or without cause, by (1) either the Company or the Second Party upon thirty (30) days' written notice to the other party, effective the day notice is mailed to the other party's last known address, which day shall be the first day of the thirty (30) day period or should mail not be used, the day notice is delivered to the Second Party or to an officer of the Company as the case may be; (2) by death of the Second Party or cancellation, suspension or non-renewal of his license or if the Second Party is a partnership, the death of any member or change in the partners composing the firm or dissolution of the partnership for any other reason; or (3) by operation of law; except that this Agreement is automatically terminated and no notice shall be required when contract is terminated under (2) and (3) above, or when disqualification of the Second Party is by Insurance Department ruling or court action.

"Without restricting the right of the Company to terminate this Agreement on thirty (30) days' notice, the Company may terminate this Agreement immediately upon written notice to the Second Party's last known address if the Second Party shall fail to comply with the rules and regulations of the Company, the laws of the state or states applicable, or regulations of the Department of Insurance thereof, or shall fail to conform to the terms and conditions of this Agreement or any other Agency Agreement with the Company, or if, in the opinion of the Company, the Second Party becomes physically or mentally disqualified from performing the terms of this Agreement, or if, in the opinion of the Company, the production of the Second Party is insufficient."

Subsequently Section 14 of the Agency Agreement was modified by letter agreement as follows:

"This is to inform you that the Company hereby waives its right to terminate without cause the General Agent's Contract between you and Golden State Mutual Life Insurance Company dated December 1, 1956, under the termination clause, Section 14 of the Contract. Any statements concerning termination without cause to the contrary in the contract shall be considered modified to conform to the intent of this letter."

The contract was terminated by the company on June 2, 1961, its letter of termination reading in part as follows:

"This letter is the Company's formal notice of termination of your general agent's contract dated December 1, 1956 and as subsequently amended between your agency and this Company. This termination is effective immediately for failure to conform to the terms and conditions of your general agent's contract and for insufficient production."

This was a jury trial. Three special issues were submitted to the jury. Two of these issues concerned damages and the

other reads as follows: "Do you find from a preponderance of the evidence that the Defendant did not, on June 2, 1961, have reasonable cause for its action in terminating the John Kelley contract of December 1, 1956 as modified by any subsequent agreement?" The jury answered: "The Defendant did not have sufficient cause to cancel contract."

The trial court found that the evidence established without dispute certain facts, which demonstrate that the agent violated the agency contract. However, he overruled the company's motion for judgment notwithstanding the verdict and entered judgment for the agent on the jury's verdict.

■ One of the reasons given for termination of the contract was "insufficient production." The contract provides that if, in the opinion of the company, the agent's production is insufficient, it may be terminated. There was evidence that the company was dissatisfied with the volume of business produced by the agent and that he failed to meet the quotas set by the company for several years prior to the termination of the contract. There was also evidence tending to prove that appellee's production compared favorably with that of other agents and, possibly, it was sufficient to raise the issue as to whether a cancellation on this ground was arbitrary and fraudulent.

The provision for termination of the contract when, in the opinion of the company, production was insufficient is valid. Maddox Motor Co. v. Ford Motor Co., Tex. Com.App., 23 S.W.2d 333; Griffith v. Thomson, Tex.Civ.App., 244 S.W.2d 722. The reasonableness of the action of the company in determining that production was insufficient is not an issue. The agreement of the parties left that matter to be determined by the company. The fact that a reasonable man considering the same facts might not have reached this conclusion becomes immaterial in light of this plain and clear provision of the contract.

The company must, in fact, have been of the opinion that the production was insufficient, or a cancellation on that ground would be tainted with fraud. The determination must have been made in good faith. Sanger v. Slayden, 7 Tex.Civ.App. 605, 26 S.W. 847; Golden Rod Mills v. Green, Tex. Civ.App., 230 S.W. 1089, error dism.; Atlas Torpedo Company v. United States Torpedo Company, Tex.Civ.App., 15 S.W.2d 150; Schoenfeld v. De Puy, Tex.Civ.App., 58 S. W.2d 574, writ dism.; Texas Rural Communities v. Avary, Tex.Civ.App., 113 S.W. 2d 597, error dism.; Grindstaff v. Mather, Tex.Civ.App., 186 S.W.2d 364, ref. w.m.; Goltra v. Weeks, 271 U.S. 536, 46 S.Ct. 613, 70 L.Ed. 1074; Ard Dr. Pepper Bottling Co. v. Dr. Pepper Co., (5th Cir.), 202 F.2d 372; Woodard Motor Co. v. General Motors Corporation, (5th Cir.), 298 F.2d 121.

■■ The burden of proving arbitrary or fraudulent conduct and of requesting proper issues submitting such a defense rested on appellee. By his failure to request the submission of a proper issue embodying this affirmative defense, appellee has waived the issue. Rule 279, Texas Rules of Civil Procedure; Golden Rod Mills v. Green, supra; Johnson v. Miller, 142 Tex. 228, 177 S.W.2d 249.

■ Since it is clear that the company properly terminated the contract because production was insufficient, it is perhaps unnecessary to consider whether the admitted violations of the terms and conditions of the contract warranted its termination in view of the jury verdict that the company did not have sufficient cause to cancel the contract. The plain terms of the contract provide for termination, at the option of the company, if the agent violates its provisions. The company elected to exercise its option. While the evidence raises issues of fact as to waiver of certain violations, no issue concerning waiver was requested by appellee or submitted by the trial court. These defensive issues were waived. Continental Casualty Co. v. Bock, Tex.Civ.App., 340 S.W.2d 527, ref., n.r.e.;

Grantham v. Anderson, Tex.Civ.App., 211 S.W.2d 275.

 . Certain damages were awarded appellee by reason of losses suffered by him when the company took from him the right to solicit, collect and service, debit insurance under the policies of industrial insurance. The record shows that appellee acquiesced in this action by continuing performance under the contract as amended and accepting the compensation due him thereunder. The record also reflects that he specifically agreed in writing to this change in the contract. A valid new agreement was thereby created. Maddox Motor Co. v. Ford Motor Co., Tex.Com.App., 23 S.W.2d 333. While there is a dispute in the testimony as to whether appellee received the full consideration orally agreed upon between the parties at the time of this contract change, he does not seek to recover the balance of the consideration. Judgment was rendered in his favor based on the answer made by the jury to a special issue determining the amount of profit which he lost by reason of the loss of his right to solicit, collect and service debit insurance. This was error. The evidence established, as a matter of law, that appellee elected to be bound by the contract as modified. L. H. Balfour Co. v. Brown, Tex.Civ.App., 110 S.W.2d 104; Shaddock v. Grapette Co., Tex.Civ.App., 259 S.W.2d 231; Weiss v. Duro Chrome Corp., (8th Cir.), 207 F.2d 298.

Paragraph 14 of the Agency Contract also provides that if, after notice of termination is received by the agent, he shall engage in the transaction of insurance business with any other company in any state in which this company is operating, his right to any and all commissions and other compensation that might otherwise then be due, or thereafter become due, under the terms of the contract, shall be forfeited at the option of the company. Appellee testified that he has continued to engage in the insurance business. While forfeiture provisions are not favored in the law, where such provisions in a contract are clear and unambiguous, they will be enforced by the courts in accordance with the agreement of the parties. Wood Motor Company v. Nebel, 150 Tex. 86, 238 S.W.2d 181; Texas Rural Communities v. Avary, supra; Grindstaff v. Mather, supra.

Appellee seeks to recover the damage which he has suffered by reason of a claimed breach of contract on part of appellant. He necessarily affirms the validity of the contract. "[O]ne suing upon a contract must recover upon the contract alleged, or not at all." Morris v. Kasling, 79 Tex. 141, 15 S.W. 226, 11 L.R.A. 398; Giant Mfg. Co. v. Davis, 132 Tex. 220, 121 S.W.2d 590.

The trial court erred in overruling appellant's motion for judgment notwithstanding the verdict of the jury. The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing.

Reversed and rendered.