Salomon SHERMAN, et al., Appellants,

v.

Fernando Chavarria SOLIS, Appellee.

No. 1730.

Court of Civil Appeals of Texas,
Corpus Christi.

June 18, 1981.

Moises V. Vela, Vela & Vela, Harlingen, for appellants.

Guadalupe Olvera, III, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

This is a suit to recover the purchase price of a television set plus the money paid to have it delivered in Mexico City. The suit was brought by Fernando Chavarria Solis against Salomon Sherman and Luis Flores. The defendants answered by a general denial. Following a trial to the court without a jury, judgment was rendered that the plaintiff Solis recover the sum of $1,400.00 against the defendants Sherman and Flores. The defendants have appealed.

Sherman and Flores first contend that the trial court erred in rendering judgment against them "individually because the pleadings and evidence do not support such a judgment." Plaintiff did not file a brief.

It is a rule of long standing that a plaintiff must recover, if at all, only on the facts and cause of action alleged by him. *Traders' & General Ins. Co. v. Low*, 74 S.W.2d 122 (Tex.Civ.App.—Amarillo 1934, writ ref'd.). If the facts proved are different from the facts alleged, the action must fail, unless the issues are tried by consent under Rule 67, T.R.C.P. *Harkey v. Texas Employers' Ins. Ass'n.*, 146 Tex. 504, 208 S.W.2d 919 (1948); *Giant Mfg. Co. v. Davis*, 132 Tex. 220, 121 S.W.2d 590 (1938); *Morris v. Kasling*, 79 Tex. 141, 15 S.W. 226 (1890).

In order for a judgment to stand, absent a trial by consent of issues which are not raised by the pleadings but are raised by the evidence, the pleadings and the evidence must correspond, and the judgment must be supported by competent and probative evidence. *Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238 (1942); *Bethea v. Lockhart*, 127 S.W.2d 1029 (Tex.Civ.App.—San Antonio 1939, writ ref'd); *Denton County Electric Co-op, Inc. v. Burkholder*, 354 S.W.2d 639 (Tex.Civ. App.—Fort Worth 1962, writ ref'd n.r.e.); *Hollingsworth v. Northwestern National Ins. Co.*, 522 S.W.2d 242 (Tex.Civ.App.— Texarkana 1975, no writ); *Ellzey v. Allen*, 172 S.W.2d 703 (Tex.Civ.App.—Amarillo 1943, writ dism'd).

Plaintiff, a native of Mexico, who resided in Mexico City, filed this suit in the District Court of Cameron County, Texas, on January 16, 1979. Concerning the identity of the defendants, he alleged:

"NOW COMES FERNANDO CHAVAR-RIA SOLIS ... and files this his Original Petition complaining against SALOMON SHERMAN and LUIS FLORES D/B/A El Arca whose business address is 924 E. Levee St., Brownsville, Cameron County, Texas, and for his cause of action will show the Court the following:"

With respect to the factual allegations, plaintiff, in sequence, alleged: 1) that "defendant El Arca Corporation," a corporation, was engaged in the business of selling television and electronic equipment; 2) that defendant Salomon Sherman "was the agent, employee and servant of said defendant corporation," and "is the registered agent for service" upon the corporation; 3) that defendant Luis Flores was, "during the time when the acts hereinafter set forth were performed, employed by said corporation to sell television sets and electronic equipment"; 4) that on or about September 18, 1978, "Luis Flores, while in pursuance of his employment and in performance of his duties," did sell to plaintiff a television set for $775.00; 5) that on or about September 19, 1978, "Luis Flores, acting within the scope of his employment, offered to deliver said television (set) to plaintiff's address" in Mexico City for 12,000 pesos (the equivalent of $526.08); 6) that "it was a customary practice by El Arca to ship goods into Mexico for certain reliable customers such as plaintiff; 7) that plaintiff paid the aforesaid sums of money to Flores; 8) that the television set was not delivered to plaintiff in accordance with the agreement; and 9)

as a "direct result of defendant's (sic) assurance, guarantee and representation," plaintiff was damaged in the amounts of money paid by him for the television set and for delivery charges, and in the further amounts paid by him for travel expenses, telephone calls and attorney's fees, totalling $2,407.08.

The judgment, in pertinent part, recites: "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff FERNANDO CHAVARRIA SOLIS recover from Defendants SALOMON SHERMAN and LUIS FLORES judgment in the amount of ONE THOUSAND FOUR HUNDRED and no/100 DOLLARS ($1,400.00) . . ."

Plaintiff's petition in this case identified the defendants as Salomon Sherman and Luis Flores doing business under the name of El Arca. Despite the references made in the petition to "Defendant El Arca Corporation" and to "said corporation," the only defendants in the case are the individuals Salomon Sherman and Luis Flores. *Gugenheim v. Trevino*, 532 S.W.2d 698 (Tex.Civ. App.—San Antonio 1976, no writ).

Concerning the evidence, it is undisputed that El Arca, Inc., a corporation, is the owner of a retail store located at 924 E. Levee St., Brownsville, Texas, and that on September 18, 1978, plaintiff purchased a television set at the store and paid $775.00 (cash) therefor. Salomon Sherman and his wife are the sole stockholders of El Arca, Inc., and at all times material to this case, Salomon Sherman was president of the corporation and Flores was employed by the corporation as a salesman.

It is further undisputed that on the day of the sale Flores, acting as a salesman for El Arca, Inc., and within the scope of his employment, sold the television set to plaintiff. The $775.00 was given by plaintiff to Flores, who handed the money to Sherman.

There is a dispute in the evidence relating to the transaction concerning the alleged agreement for "delivery" of the television set. Plaintiff testified that on September 19, 1978, Flores offered to deliver the television set to his residence in Mexico City for 12,000 pesos ($526.08); that he accepted the offer, and that Sherman "was present" at the time and "was an eye-witness to all transactions." He further testified that he paid the 12,000 pesos "to Mr. Flores" in the "El Arca" store, and that he never did "receive" the television set in Mexico City.

Flores testified that he was working for El Arca as a salesman on September 18 and 19, 1978; that he sold a television set to plaintiff on September 18, 1978, and that plaintiff paid him $775.00 in cash for the set. He further testified that he, on behalf of "the store, El Arca," entered into "terms as to the delivery of the T.V. set" with plaintiff, whereby 12,000 pesos were agreed to as the delivery charges. In response to the question "What authority do you have to make such an agreement?", he said:

"It is not exactly an authority. Any transaction, any sale Mr. Sherman was aware of it . . ."

He further testified:

"Q. And the money was paid to you?
A. Yes.
Q. Who did you pay that money to?
A. To Mr. Salomon Sherman."

\* \* \* \* \* \*

"Q. . . . What would Mr. Sherman do with the money that he would get for being paid for delivery of the T.V. sets into Mexico?
A. He would give it to the person that would be taking the merchandise (into Mexico)."

\* \* \* \* \* \*

"Q. Was this a customary way of transacting with people from Mexico?
A. Yes. The customers that could not take the merchandise, we would send it to them."

Concerning the question propounded as to the physical delivery of the 12,000 pesos by Sherman, Flores answered:

"A. That money was given to Mr. Sherman. Mr. Sherman turned over that money to Mr. Grosaco."

Sherman denied that he knew anything about Flores agreeing to deliver the television set to plaintiff's home in Mexico City.

Concerning the implied or apparent authority of Flores, the record contains the following question asked of Sherman and his answer thereto:

"Q. Did you give Mr. Chavarria (Solis) any implied or apparent reason to believe that Luis Flores had authority from you to guarantee him delivery of this T.V. set to Mexico City?

A. No, I don't do that type of business. I used to, but I don't any more. It is already two years that I don't do this. Sometimes, when a client, a customer came in and, as a personal favor to him we did deliver something that would be very small, like a cassette deck, or amplifier, but something small. Never anything of this size. But, only as a personal favor, not as a business."

Sherman further denied that Flores gave him the 12,000 pesos, or that he paid any money to the third person identified by Flores as being the one who was directed to deliver the television set to Mexico City.

Plaintiff, in his original petition, his trial pleading, named Sherman and Flores only as defendants. They were sued individually. It was alleged that Sherman was "the agent, employee and servant" of El Arca, Inc., a corporation, and that Flores was an employee of "said corporation." Neither El Arca, Inc., nor any other corporation are parties to this lawsuit. The petition was never amended.

The petition does not allege that Sherman, individually, committed any act which damaged plaintiff. There are no allegations that he participated in any manner in the sale of the television set or in the agreement to deliver the same to plaintiff in Mexico City. The petition further alleges that Flores, as an employee of El Arca Corporation, and while in the course of his employment as a salesman for that corporation, sold the television set to plaintiff and arranged for its delivery. There are no allegations that Flores, individually, sold the television set to plaintiff or that he, personally or individually, agreed to deliver the same to plaintiff in Mexico City.

Plaintiff failed to prove what he alleged. Therefore, the judgment cannot stand. See *West Texas Utilities Company v. Pirtle*, 444 S.W.2d 202 (Tex.Civ.App.— Eastland 1969, no writ). Moreover, the evidence conclusively shows that the sale of the television set and the agreement to deliver it to plaintiff's residence in Mexico City were transactions between plaintiff and Flores, in the latter's sole capacity as an employee of El Arca, Inc., the undisputed owner of the store. There is neither pleading nor proof that El Arca, Inc., was the alter ego of Sherman. There was no trial by consent in this case. No basis exists for imposing any personal liability on either Sherman or Flores.

Defendants' point is sustained. All other points, having been carefully considered, are overruled. The judgment of the trial court is reversed and judgment is here rendered that plaintiff take nothing by his suit.

REVERSED and RENDERED.