Affirmed in part, Reversed and Remanded in part, and Opinion filed April
3, 2003









Affirmed in part, Reversed and Remanded in part, and
Opinion filed April 3, 2003.

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-00-01452-CV

____________

 

DONALD L. YOUNG, INDIVIDUALLY AND D/B/A EVERGREEN CONSTRUCTION
COMPANY, Appellant

 

V.

 

C.R. NEATHERLIN D/B/A NEATHERLIN HOUSE MOVING,
Appellee

 



 

On
Appeal from the 165th District Court

Harris County, Texas

Trial
Court Cause No. 99-18269

 



 

O
P I N I O N








The
parties to a contract for the sale and delivery of two model homes brought
claims against each other.  Following a
jury trial, the trial court awarded the seller damages for breach of contract
and attorney=s fees and ordered that the buyer take nothing.  The buyer appealed.  We affirm the trial court=s
judgment as to the seller=s breach-of-contract claim; however, we reverse the attorney=s-fees
award because the seller failed to segregate his recoverable fees from those
fees he was not entitled to recover.  We
also reverse the take-nothing judgment against the buyer on his claims of fraud
and DTPA violations because the trial court erroneously excluded evidence of
representations allegedly made by the seller. 
We affirm the remainder of the trial court=s judgment.

                                             Factual
and Procedural Background

Donald
L. Young, d/b/a Evergreen Construction Co., entered into a contract with C.R. Neatherlin, d/b/a Neatherlin
House Moving, whereby Neatherlin agreed to sell and
move two model homesCthe AWindsor@ and the ASkylark@Cto
Young=s
property in Bacliff.  Young agreed to pay
$35,000 for each house.  The payments
were to be made in four installments based on the completion of various steps
for each house.  Neatherlin
delivered the Windsor home to Young=s property, but a dispute arose over whether he completed
delivery under the terms of the contract. 
Young initially withheld his final payment for the Windsor, prompting Neatherlin to file a mechanic=s and materialman=s
lien on the house.  Neatherlin
never delivered the Skylark home, although the parties disagree as to why.

Young=s
attorney ultimately sent Neatherlin a letter detailing
Young=s
complaints, to which Neatherlin responded by filing
suit for breach of contract.  Neatherlin later amended his petition to include claims for
quantum meruit, fraud, and negligent
misrepresentation.  Neatherlin
also sought a declaration that the contract was divisible between the two model
homes and that the agreement to sell the Skylark was null and void.  In a counterclaim, Young asserted claims for
breach of contract, fraud, negligent misrepresentation, conversion, negligence,
breach of the duty of good faith and fair dealing, breach of express and
implied warranties, filing of a fraudulent lien, quantum meruit/unjust
enrichment, and violations of the DTPA.

Based
on the jury=s findings, the trial court entered judgment ordering Young to
pay Neatherlin $200 in actual damages, $40,000 in
attorney=s
fees, and $10,000 in the event of appeals to the court of appeals and the
supreme court.  The court further ordered
that Young take nothing by his claims. 
Young timely appealed.

                                                                              








                                     Evidence
of Neatherlin=s Damages

In
his first issue, Young claims Neatherlin presented
insufficient evidence to support the jury=s finding of damages for breach of contract.  The jury found that Young failed to comply
with the parties= agreement and that his failure to comply was not excused.  However, the jury also found that the portion
of the agreement regarding the Skylark model home was null and void.[1]  The jury then awarded Neatherlin
$200 in damages for Young=s breach of contract. 
Young claims that the only evidence offered by Neatherlin
as to his damages related to additional costs associated with Neatherlin=s resale of the Skylark, and therefore Neatherlin
presented no evidence or, alternatively, insufficient evidence of any damages
stemming from Young=s failure to comply with the surviving portion of the
contract.  We disagree.

In
the submission on Neatherlin=s
damages, the jury was instructed to consider only Aout-of-pocket
expense@
as an element of damages.  The charge
defined Aout-of-pocket
expense@
as Areasonable
and necessary costs that were incurred by [Neatherlin].@  Because neither party objected to this
question, we review the sufficiency of the evidence in light of the charge
submitted.  Bradford v. Vento, 48
S.W.3d 749, 754 (Tex. 2001).  Neatherlin testified that Young did not make his final
payment on the Windsor model home.  As a
result, Neatherlin said he was forced to hire
attorneys to file a mechanic=s and materialman=s
lien on the property.  Neatherlin=s attorney testified that the legal fees associated with filing
this lien and collecting Young=s final payment were approximately $2,000.  Based on the charge=s
definition of damages, we conclude this evidence is both legally and factually
sufficient to support the jury=s finding of $200 in damages for Young=s
breach of the non-void portion of the contract. 
Young=s first issue is overruled.








                                                        Mutuality
of Obligation

In Young=s second issue, he contends the trial court erred in submitting
Question 1, on his alleged breach of contract, because the contract failed as a
matter of law for lack of mutuality. 
However, Young did not object at trial to the submission of this
question.  Accordingly, Young=s
complaint is waived.  See Flo Trend Sys., Inc. v. Allwaste,
Inc., 948 S.W.2d 4, 10 (Tex. App.CHouston [14th Dist.] 1997, no writ).

Even
if we were to consider Young=s argument, however, we find it meritless.  Young=s complaint is based on the following provision in the
contract:

[Neatherlin] reserves the right to
deem this contract null and void, if in his opinion there are obstacles and/or
circumstances that would make it unfeasible to deliver the above referenced
houses.  In this event all money paid
will be refunded.

Young
claims that because the contract permitted Neatherlin
to declare the contract null and void, his promise to perform was illusory and
the contract is unenforceable.  However,
courts strive to construe a contract to promote mutuality and to avoid a
construction that makes promises illusory. 
See Portland Gasoline Co. v. Superior Mktg. Co., 150 Tex.
533, 243 S.W.2d 823, 824 (1951), overruled on other grounds by Northern
Natural Gas Co. v. Conoco, Inc., 986 S.W.2d 603
(Tex. 1998).  When, as here, performance
is conditioned on one party=s judgment or determination, courts imply a requirement that
such judgment is exercised in good faith. 
See Golden State Mut. Life Ins. Co.
v. Kelley, 380 S.W.2d 139, 141 (Tex. Civ. App.CHouston
1964, writ ref=d n.r.e.); see also 13 Williston on Contracts '
38:21, at 459B60 (4th ed. 2000) (noting that, when one party=s
promise is conditional on that party=s satisfaction, courts generally require the party to exercise
honest judgment and Asuch contracts have been almost universally upheld@).  We conclude the trial court did not err in
submitting Question 1 to the jury.  Young=s
second issue is overruled.








                                                    Neatherlin=s Attorney=s Fees

In his third and fourth issues, Young attacks the portion of
the judgment awarding $40,000 in attorney=s fees to Neatherlin.  Young argues this award is excessive and
should be reformed or, in the alternative, the award should be reversed based
on Neatherlin=s failure to segregate the fees attributable to claims for
which recovery of attorney=s fees is permissible. 
Because we find that Neatherlin failed to
segregate his attorney=s fees, we sustain Young=s fourth issue and reverse the attorney=s-fees
award.

Neatherlin
contends Young waived his complaint on segregation of attorney=s
fees because he did not object to the testimony of Neatherlin=s
counsel.  However, the Texas Supreme
Court has held that error is preserved by an objection to the jury charge on
the ground that the charge did not properly segregate attorney=s
fees.  See Stewart Title Guar.
Co. v. Sterling, 822 S.W.2d 1, 10 (Tex. 1991).  Here, Young properly objected to the jury
charge on this ground.  Thus, Young
preserved error on this issue.

When
a lawsuit includes two or more claims, one or more of which would not entitle a
party to recover attorney=s fees, the party seeking to recover attorney=s
fees must segregate the time spent on a claim for which fees are recoverable
from the time spent on a claim for which fees may not be recovered.  See Amerada Hess Corp. v. Wood
Group Prod. Tech., 30 S.W.3d 5, 13 (Tex. App.CHouston [14th Dist.] 2000, pet. denied).  An exception arises when the attorney=s
fees are incurred in connection with claims that arise out of the same
transaction and are so interrelated to the other claims that their prosecution
or defense entails proof or denial of essentially the same facts.  Id. at 13B14.








In
this case, in addition to claims for declaratory relief and breach of contract,
for which attorney=s fees may be recovered, Neatherlin
asserted claims for quantum meruit, fraud, and
negligent misrepresentation.  Neatherlin also was required to defend against several
contract and tort claims by Young.  Neatherlin=s counsel admitted on cross-examination that he did not attempt
to segregate his attorney=s fees based on claims. 
The record contains no evidence suggesting that these claims were all so
interrelated as to require proof or denial of essentially the same facts.  Accordingly, we sustain Young=s
fourth issue.  The appropriate remedy in
this circumstance is to remand the attorney=s-fees issue to the trial court.  See id. at 14B15.  Because we reverse the award of attorney=s
fees to Neatherlin and remand for further proceedings
regarding those fees, we do not address Young=s complaint that the award is excessive.

                                                        Young=s
Attorney=s Fees

In
his fifth issue, Young claims the trial court erred by refusing to award his
attorney=s
fees.  In response to an unconditionally
submitted question, the jury found that a reasonable fee for preparation and
trial by Young=s attorney in this case was $40,000Cthe
same amount of fees the jury found for Neatherlin=s
attorneys.  Under the Declaratory
Judgments Act, a trial court may award attorney=s fees Aas are equitable and just.@  Tex. Civ. Prac. & Rem. Code Ann. '
37.009 (Vernon 1997).  The decision
whether to award attorney=s fees is committed to the sound discretion of the trial
court.  Bocquet
v. Herring, 972 S.W.2d 19, 21 (Tex. 1998). 
Young does not directly attack the trial court=s
denial of his request for attorney=s fees.  Instead, he
complains that the trial court refused to rule on his request for findings of
fact and conclusions of law regarding the court=s denial.  However, the
rules regarding findings of fact and conclusions of law apply only to nonjury trials.  See
Tex. R. Civ. P. 296B299a.  Young cites no authority that would require a
court to enter findings and conclusions in a situation such as this.  Furthermore, even if we were to find the
court erred by failing to enter the requested findings, Young has not
demonstrated that awarding him attorney=s fees would be equitable and just, which are matters of
law.  See Bocquet,
972 S.W.2d at 21.  Thus, any purported
error would be harmless.  We overrule
Young=s
fifth issue.








                                                    Evidence
of Fraudulent Lien

In his sixth issue, Young asks that we reverse the trial court=s
judgment that he take nothing on his claim that Neatherlin
violated Chapter 12 of the Civil Practice and Remedies Code by filing a
fraudulent lien.  See Tex. Civ. Prac. & Rem. Code Ann. '' 12.001B.007
(Vernon 2002).  In response to Question
11, the jury failed to find that Neatherlin filed a
fraudulent lien.  Young claims the jury=s
answer was not supported by legally or factually sufficient evidence.  We disagree.

A
person owning property against which a fraudulent lien is filed may bring an
action for injunctive relief or monetary damages.  See id. '
12.003.  Question 11 asked the jury
whether Neatherlin filed a fraudulent lien, which the
charge defined as a lien filed with (1) knowledge that it was fraudulent, (2)
intent that it be given legal effect, and (3) intent to cause physical injury,
financial injury, or mental anguish or emotional distress.  See id. ' 12.002(a).  Young asserts that the mechanic=s
and materialman=s lien Neatherlin filed to secure
Young=s
final payment for the Windsor model home was presumptively fraudulent because Neatherlin never completed his obligations under the
parties=
contract.  See Tex. Gov=t Code Ann. ' 51.901(c) (Vernon 1998) (stating that, for purposes of that
statute, a document is presumed to be fraudulent if it purports to create a
lien against property and it was not created by consent or agreement of the
property owner).  However, Neatherlin unambiguously testified that he completed the
terms of the contract with respect to the Windsor model home.  The evidence Young cites in responseCmostly
Young=s
own testimonyCrelates only to the question of whether the contract was in
fact completed.  Young points to no
evidence showing that Neatherlin knew he was not
entitled to his final payment when he filed the lien or that he filed the lien
with intent to cause Young injury or emotional distress.  We overrule Young=s
sixth issue.








                                                          Exclusion
of Evidence

In his seventh issue, Young claims the trial court erred in
excluding testimony regarding certain representations Neatherlin
made in connection with the contract.  In
his counterclaim, Young alleges he was induced to enter the contract by Neatherlin=s fraudulent misrepresentations.  Young also alleged that Neatherlin
violated the DTPA.  However, when Young=s
attorney attempted to ask Young about Neatherlin=s
representations relating to the contract, the trial court sustained Neatherlin=s objections.[2]  Young then made an offer of proof in which he
testified that, among other things, Neatherlin
misrepresented the extent of what would be included as part of the house.  Young claims the exclusion of this evidence
was reversible error.  We agree.

Although
statements about the meaning of a contract=s terms are ordinarily not admissible to add to, vary, or
contradict the terms of an unambiguous written contract, they are admissible to
show whether a party was fraudulently induced to enter the contract.  See Marburger
v. Seminole Pipeline Co., 957 S.W.2d 82, 86 (Tex. App.CHouston
[14th Dist.] 1997, pet. denied). 
Furthermore, the parol evidence rule does not
apply to oral representations that serve as the basis for a DTPA action.  Weitzel
v. Barnes, 691 S.W.2d 598, 599B600 (Tex. 1985). 
Accordingly, the trial court erred in excluding Young=s
proffered testimony regarding Neatherlin=s
alleged misrepresentations.








Neatherlin
responds first by claiming Young waived his complaint because he did not
properly object to the exclusion of this evidence.  Neatherlin contends
Young never specifically explained that this testimony was being offered to
prove fraud as opposed to being offered to vary the terms of the contract,
which the trial court determined to be unambiguous.  However, in response to Neatherlin=s
objection, Young=s attorney clearly established a proper basis for this
testimony:

Your
honor, we=ve
got claims here for deceptive trade practices. 
If we can=t show what Mr.
Neatherlin=s
representations were, then the statute means nothing. . . .

.
. . .

Mr. Neatherlin made some
representations to [Young].  We need to
find out what those representations were about what the contract meant and to
the extent that Mr. Young relied on them or may have been fraudulently induced
into entering the contract or deceived by deceptive trade practices.

We find
Young did not waive his complaint.








Next,
Neatherlin claims that any error in excluding Young=s
testimony was harmless.  A judgment
cannot be reversed based on the improper exclusion of evidence unless the trial
court=s
error probably caused the rendition of an improper judgment.  See Tex.
R. App. P. 44.1.  An error in the
exclusion of evidence requires reversal if it is both controlling on a material
issue and not cumulative.  Mentis v.
Barnard, 870 S.W.2d 14, 16 (Tex. 1994). 
According to Neatherlin, even if the court had
admitted Young=s testimony, Young failed to establish that Neatherlin=s
conduct was fraudulent or deceptive because Young did not present evidence
regarding Neatherlin=s intent at the time he made the alleged
misrepresentations.  However, a party=s
intent may be inferred from subsequent acts after the representation is
made.  Spoljaric
v. Percival Tours, Inc., 708 S.W.2d 432, 434 (Tex. 1986).  Here, the exclusion of Young=s
testimony prevented the jury from assessing Neatherlin=s
actions in light of his alleged representations.  Because the excluded testimony goes to the
heart of Young=s fraud and DTPA claims, we conclude it is controlling on a
material issue.  Based on our review of
the record, we further find that Young=s excluded testimony is not cumulative.  Accordingly, we sustain Young=s
seventh issue and remand his fraud and DTPA claims for a new trial.  See Mentis, 870 S.W.2d at 16.

                                                              Reporter=s
Record

In
his eighth issue, Young claims he is entitled to a new trial under Texas Rule
of Appellate Procedure 34.6(f), based on the court reporter=s
alleged refusal to file a complete and accurate record, including all offered
and admitted exhibits.  Young=s
brief fails to set forth any details regarding these alleged omissions or
inaccuracies in the record.  Young
instead attempts to incorporate by reference arguments advanced in his petition
for writ of mandamus, which he filed contemporaneously with his appellate
brief.[3]  However, the Rules of Appellate Procedure
plainly require the issues and pertinent facts to be set forth in the brief
itself.  Tex. R. App. P. 38.1; see also Francis v. State,
746 S.W.2d 276, 278 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d)
(refusing to consider a brief appellant had filed in another case that
appellant attempted to incorporate by reference).[4]  Furthermore, we note that incorporation of
any portion of Young=s petition for writ of mandamus would result in Young=s
brief exceeding the fifty-page limit set forth in Rule 38.4.  Finally, and most significantly, Young has
not demonstrated that any of the allegedly missing portions of the reporter=s
record are Anecessary to the appeal=s resolution.@  See Tex. R. App. P. 34.6(f)(3).  Young=s eighth issue is overruled.

                                                                    Conclusion








Because
Neatherlin failed to segregate his recoverable
attorney=s
fees from those he was not entitled to recover, we reverse the portion of the
judgment awarding Neatherlin $40,000 in attorney=s
fees and remand for further proceedings on Neatherlin=s
attorney=s
fees.  We also reverse the portion of the
judgment ordering Young to take nothing on his fraud and DTPA claims, based on
the trial court=s erroneous exclusion of evidence, and we remand these claims
for a new trial.  The trial court=s
judgment is otherwise affirmed.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed April
3, 2003.

Panel consists of Justices Yates,
Anderson, and Frost.

 











[1]  Young does not
challenge this finding on appeal.





[2]  Young=s attorney first asked Young, A[W]hen you had that meeting with Mr. Neatherlin, did he make representations to you about what
was covered by the contract?@  Neatherlin=s attorney objected on the grounds the question called
for hearsay and violated the parol evidence
rule.  The trial court sustained the
objection without specifying the basis. 
Young=s attorney tried again later: AIn that meeting on September 4th, Mr. Young, 1998, did
Mr. Neatherlin make representations to you about what
the contract provisions meant?@  Neatherlin=s attorney again objected based on hearsay and the parol evidence rule. 
This time, the trial court indicated that Neatherlin=s statements were not hearsay, but he nevertheless
sustained the objection.  Young=s attorney later asked, A[I]n
that September 4th, 1998, meeting that you had with Mr. Neatherlin,
did he make any representations to you about the extent of the wiring and the
plumbing in the Windsor and the Skylark?@  Neatherlin=s attorney objected under the parol
evidence rule, and the trial court sustained the objection.





[3]  This court
denied Young=s petition in a separate order issued on March 21,
2002.





[4]  As of January
1, 2003, a party may now adopt by reference another document filed Aby another party in the same case.@  See Tex. R. App. P. 9.7.  This new rule does not apply to a party=s attempt to incorporate into a brief a separate
filing made by the same party.