Leonard Nathaniel FRANCIS,
Appellant,

v.

The STATE of Texas, Appellee.

No. A14–87–475–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 28, 1988.

Discretionary Review Refused
May 25, 1988.

Walter Boyd, Houston, for appellant.

John B. Holmes, Jr., Deborah Mantooth, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, J.J.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to aggravated robbery and assessed punishment at confinement for life and a $5,000 fine. Issues on appeal concern the sufficiency of the evidence to show the weapon used was a deadly weapon and whether the charge was erroneous in commenting on the weight of the evidence and in instructing the jury on the parole law. We affirm.

While appellant concedes the evidence is sufficient to show he is guilty of robbery, he contends in his first point of error that the evidence is insufficient to show that the weapon appellant used and exhibited was, in fact, a deadly weapon. Therefore, he

concludes, the evidence is insufficient to support the conviction. In order to properly address the issue, we will briefly recite the evidence, not only as to the nature of the weapon, but as to the total offense. About mid-afternoon on the date in question the female complainant had gone to the Greenspoint Mall, a large shopping center just north of Houston, to shop. After shopping, she returned to her automobile parked in the mall parking lot. As she was entering her automobile, appellant, wearing a Houston Police Department baseball cap, and Mao, another man, flashing what appeared to be a policeman's badge, approached her car, claimed to be mall security officers and accused her of shoplifting. As she attempted to shut her car door, appellant hit her in the head with the butt of a pistol. He then pushed her car seat forward, got in the back seat and drug the complainant into the back seat with him. Mao got into the car and drove it away as appellant continued to hit the fighting complainant over the head with the pistol as she was pushed to the floorboard. Appellant, pointing the pistol at complainant, repeatedly threatened to kill her if she did not shut up. They continued to drive around for some half-hour or more, during which time they had gone to the dead end of a road where they went through her purse taking all of her money and her credit card. They then took her to a motel where she was held captive and repeatedly raped until she was released on the street the next day. When she was released, appellant kept her automobile. Both appellant and Mao were arrested in the complainant's automobile some ten days later. Appellant testified and denied he had threatened the complainant and stated that the detention of and sexual intercourse with the complainant was with her consent.

At the time of appellant's arrest a Marksman Repeater air-propelled pellet pistol was found in the automobile, and it was later identified as the weapon used in the offense. The arresting officer testified that when he first observed the pistol he believed it to be a .45 caliber semi-automatic. The witness Anderson, an expert witness and firearms examiner for many years with the Houston Police Department, testified the weapon was designed to look like a .45 caliber automatic pistol and that to someone not familiar with guns it would so appear. He testified the pellet pistol was a deadly weapon because from the manner of its use or intended use it could cause serious bodily injury or death. In fact, on cross-examination, he testified that he knew of two people who had been killed with similar weapons.

■ Appellant argues that it was not sufficient that the state show that the pellet pistol could cause serious bodily injury or death, but that the proof must further show that it "was capable of inflicting serious bodily injury or death in the particular manner [in which] it was used in the particular situation." We do not agree.

■ The offense of robbery becomes aggravated if the perpetrator "uses or exhibits a deadly weapon." Tex.Penal Code Ann. § 29.03 (Vernon 1974). Tex.Penal Code Ann. § 1.07(a)(11) defines a deadly weapon as:

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use of intended use is capable of causing death or serious bodily injury.

The evidence plainly shows that appellant both used *and* exhibited a weapon that was capable of causing death or serious bodily injury. *See Corte v. State*, 630 S.W.2d 690 (Tex.App.—Houston [1st Dist.] 1981, pet. ref'd), where a $CO^2$ pellet gun was held to be a deadly weapon. Appellant's first point of error is overruled.

■ In his second point of error appellant contends the court's charge is fundamentally erroneous because it assumed the pellet pistol was a deadly weapon.

In applying the law to the facts, the charge stated:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 19th day of July, 1986, in Harris County, Texas, the defendant, Leonard Nathaniel Francis, acting alone or with

another person as a party to the offense, as that term is hereinbefore defined, did then and there unlawfully while in the course of committing theft of property owned by [the complainant], and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place [the complainant] in fear of imminent bodily injury or death, by using or exhibiting a deadly weapon, namely, a pellet pistol, then you will find the defendant guilty of aggravated robbery as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict "Not Guilty."

While appellant does not so state in his brief, he apparently contends the trial court should have inserted the parenthetical phrase "if it was" (or other words of similar import), following the phrase "a deadly weapon." We do not agree. To follow appellant's reasoning, it would be necessary to insert the parenthetical phrase following each of the elements necessary to be found by the jury in order to warrant a conviction. The charge, reasonably construed, requires the jury to believe each of the elements beyond a reasonable doubt before they may convict. The succeeding paragraph, reasonably construed, requires the jury to return a verdict of not guilty if they entertain a reasonable doubt as to any element. It was not a comment on the weight of the evidence. Appellant's second point of error is overruled.

In his third point of error appellant contends fundamental error was committed by the trial court in submitting to the jury an instruction on the parole law based upon Tex.Crim.Proc.Code Ann. art. 37.07, § 4 (Vernon Supp.1988). For argument and authorities appellant "urges and incorporates the briefs" he had filed in a named case which is "now pending review by Court of Criminal Appeals." We decline appellant's invitation to examine a brief in another case in order to evaluate the complaint he advances in this case. Such procedure is not in compliance with Tex.R. App.P. 74(d) setting forth the requirements for appellate briefs. *See also Smith v. State,* 683 S.W.2d 393, 410 (Tex.Crim.App. 1984). Appellant's third point of error is overruled.

The judgment is affirmed.