Appellant's Motion for Rehearing Overruled; Opinion of April 17, 2003,
Withdrawn; Affirmed and Majority and Concurring Opinion













Appellant's Motion
for Rehearing Overruled; Opinion of April 17, 2003, Withdrawn; Affirmed and Majority and Concurring Opinions on Rehearing
filed September 11,
 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-01505-CV

____________

 

AVI BART MARKOWITZ, Appellant

 

V.

 

BRIDGET MARY MARKOWITZ, Appellee

 

 

 

On Appeal from
the 272nd District Court

Brazos County, Texas

Trial Court
Cause No. 35,930A-272

 

 

 

C O N C U R R I N G   O P I N I O N   O N  
R E H E A R I N G

            I concur with the majority’s
disposition of Avi’s first issue regarding the
missing pretrial reporter’s record. 
However, I would hold that Avi also failed to
meet the second and third requisites of Texas Rule of Appellate Procedure
34.6(f).  When a reporter’s record is
lost or destroyed, a party is entitled to a new trial if four requirements are
met.  Tex.
R. App. P. 34.6(f)(1)–(4).  First, the appellant must timely request a
record.  Id.  Second, for proceedings electronically
recorded, a significant portion of the recording must be lost, destroyed, or
inaudible through no fault of the appellant. 
Id.  Third, the lost or destroyed 

 class=Section2>

portion
must be necessary to the appeal’s resolution. 
Id.  Fourth, the parties must be unable to agree
on a complete reporter’s record.  Id.

            Most significantly, Avi fails to show that the record of pretrial proceedings
is “necessary to the appeal’s resolution.” 
Id.; see Young v. Neatherlin,
102 S.W.3d 415, 423 (Tex. App.—Houston [14th
Dist.] 2003, no pet.) (appellant failed to demonstrate
that missing portion of record was necessary to resolution of the appeal); Palmer v. Espey
Huston & Assoc., Inc., 84 S.W.3d 345, 351–52 (Tex. App.—Corpus
 Christi 2002, pet denied).  In pretrial proceedings, the trial court
addressed temporary orders, enforcement of those orders, and discovery
disputes.  Avi’s
issue on appeal is whether he received a fair and impartial trial on the merits, not error in the
pretrial proceedings.  I believe that the
reporter’s record of pretrial proceedings is not absolutely necessary to
determine whether appellant received a fair and impartial trial on the
merits.  As the court addressed in the
opinion on rehearing, we examined the trial record and found Avi was not denied a fair or impartial trial on the merits.

            Further, Avi
has not completely fulfilled the second requirement of Rule 34.6(f).  He must show that the pretrial record is
lost, destroyed, or inaudible.  Tex. R. App. P. 34.6(f)(2).  Avi admits in his brief that he “is unaware of whether
these recordings and their log notes have been lost or destroyed.”  Lastly, I agree with the majority that Avi failed to show that “the parties cannot agree on a
complete reporter’s record.”  Tex. R. App. P. 34.6(f)(4).  

            I would hold that Avi has failed to fulfill three requisites of Rule
34.6(f).  Accordingly, Avi is not entitled to a new trial because of the
reporter’s failure to file the record of pretrial proceedings.

 

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment rendered and Majority and Concurring
Opinions on Rehearing filed September 11, 2003. 

 

Panel consists of Justices
Yates, Fowler, and Seymore.  (Seymore, J. majority.)