Affirmed and Memorandum Opinion
filed August 4, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00767-CR



Jozef Kawaski
Jones, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 248th District Court

Harris County, Texas

Trial Court
Cause No. 1239443



 

MEMORANDUM OPINION 

Appellant, Jozef Kawaski
Jones, appeals his conviction for aggravated robbery asserting that (1) a
material variance between the indictment and the allegedly insufficient proof
at trial requires acquittal and (2) the evidence is insufficient to support a
deadly-weapon finding, such that he should have been convicted of the
lesser-included offense of robbery.  We affirm.

Factual and Procedural Background

The complainant, his brother, and their
eleven-year-old cousin were walking home at night from a nearby sandwich shop
when a van pulled up next to them.  Appellant and two other men were inside the
van.  The driver got out of the vehicle and remarked, “You know what time it
is.  You know what’s up.”  The complainant’s brother believed that the words
implied they were about to be robbed.  At that point, the van’s sliding side door
opened, and the complainant saw appellant inside the vehicle.  The complainant’s
brother removed his valuables and shoes and placed them in his sandwich bag to
hand over to the men in the van.  But, the complainant was slow to offer up his
own belongings.  The complainant testified that the driver remarked to appellant,
“Get the AK,” and threatened to shoot the complainant.  The complainant claimed
that appellant brandished a weapon, pointed it at the complainant, and remarked
to the driver, “Yeah, let’s light one of them up.”  The complainant then placed
his wallet and possessions in his sandwich bag and handed the items to
appellant.[1]
 

At this point, two law enforcement officers happened
to pull up behind the van, which was blocking a moving lane of traffic.  The
officers investigated the incident and learned from the complainant that the
men in the van had taken items belonging to the complainant and his relatives.  The
officers recovered the items as well as a weapon that the officers referred to
as an “air rifle.”  The officers arrested appellant and the two other men in
the van.  

Appellant was charged by indictment with the offense
of aggravated robbery.  The indictment provides, in relevant part, that while
in the course of committing theft of property with intent to obtain and
maintain control of that property, appellant intentionally and knowingly
threatened and placed the complainant in fear of imminent bodily injury and
death and used and exhibited a deadly weapon, to wit:  “a BB rifle.”  The
charge was enhanced by a prior felony conviction.  Appellant pleaded “not
guilty” to the charged offense.  After a trial, the jury found appellant guilty
of aggravated robbery and assessed his sentence at forty years’ confinement.  

Issues and Standard of Review

On appeal, appellant challenges the sufficiency of
the evidence to support his conviction.  In evaluating a legal-sufficiency
challenge, we view the evidence in the light most favorable to the verdict.  Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  The issue on appeal
is not whether we, as a court, believe the State’s evidence or believe that
appellant’s evidence outweighs the State’s evidence.  Wicker v. State,
667 S.W.2d 137, 143 (Tex. Crim. App. 1984).  The verdict may not be overturned
unless it is irrational or unsupported by proof beyond a reasonable doubt.  Matson
v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The trier of fact “is
the sole judge of the credibility of the witnesses and of the strength of the
evidence.”  Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App.
1999).  The trier of fact may choose to believe or disbelieve any portion of
the witnesses’ testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex.
Crim. App. 1986).  When faced with conflicting evidence, we presume the trier
of fact resolved conflicts in favor of the prevailing party.  Turro v. State,
867 S.W.2d 43, 47 (Tex. Crim. App. 1993).  Therefore, if any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt, we must affirm.  McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App. 1997).

Is the
evidence insufficient because of a material variance between the indictment and
proof at trial?

In his second issue, appellant claims the evidence is
insufficient to support his conviction because of a material variance between
the charging instrument and the proof at trial.  The indictment alleged use of
a “BB rifle” as a deadly weapon.  According to appellant, the air rifle
actually produced at trial and the testimony amounts to a material variance from
the allegation, as charged in the indictment, that he used a BB rifle in
commission of the offense.

A “variance” occurs when there is a discrepancy
between the allegations made in a charging instrument and the proof presented
at trial.  Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App.
2001).  When faced with a challenge to the legal sufficiency of the evidence
based upon a variance between the indictment and the proof, only a material
variance will render the evidence legally insufficient.  Id. at 257.  In
determining whether a variance is material, we consider whether the charging
instrument offers an accused enough notice of the charged offense to allow
preparation of an adequate defense and precludes the accused from being
prosecuted later for the same crime.  See Fuller v. State, 73 S.W.3d
250, 253, 255 (Tex. Crim. App. 2002).  

A variance between the wording of an indictment and
the evidence presented at trial is fatal only if it is material and prejudices
the defendant’s substantial rights.  See Gollihar, 46 S.W.3d at 257; Hart
v. State, 173 S.W.3d 131, 144 (Tex. App.—Texarkana 2005, no pet.).  To
determine whether an accused’s substantial rights have been prejudiced, we
consider whether the indictment, as written, informed the defendant of the charge
against him sufficiently to allow him to prepare an adequate defense at trial
and whether the prosecution, under the deficiently drafted charging instrument,
would subject the accused to the risk of being prosecuted later for the same
offense.  Gollihar, 46 S.W.3d at 248; Hart, 173 S.W.3d at 144.  A
variance that is not prejudicial to an accused’s substantial rights is deemed
immaterial.  Gollihar, 46 S.W.3d at 247–48; see Hart, 173 S.W.3d
at 144.  The accused has the burden of demonstrating surprise or prejudice.  Santana
v. State, 59 S.W.3d 187, 194 (Tex. Crim. App. 2001).  

Nothing in the record reflects that appellant was
unaware of what weapon he was accused of brandishing or that he was surprised
by the proof at trial.  The term “BB rifle,” as used in the charging instrument,
gave appellant enough notice to prepare an adequate defense at trial for the
charge of aggravated robbery.  See Fuller, 73 S.W.3d at 255; Gollihar,
46 S.W.3d at 258.  When, as in this case, the variance does not involve a statutory
element of the offense and there is no showing of surprise or prejudice as a
result of it, the variance is immaterial.  See Hart, 173 S.W.3d at 144. 
The indictment, as written, sufficiently informed appellant of the charge
against him and the variance would not subject him to another prosecution for
the same offense. See id.  The term “BB rifle,” as used in the
indictment, does not render the evidence legally insufficient to support
appellant’s conviction for aggravated robbery.  We overrule appellant’s second
issue.

Is the evidence sufficient to support a
deadly-weapon finding?

In his first issue, appellant contends that the
evidence is insufficient to support a finding that he used a deadly weapon.  A
person commits the offense of robbery if, in the course of committing theft and
with intent to obtain or maintain control of the property, that person intentionally
or knowingly threatens or places another in fear of imminent bodily injury or
death.  See Tex. Penal Code Ann.
§ 29.02(a)(2) (West 2011); see Francis v. State, 746 S.W.2d 276, 277 (Tex.
App.—Houston [14th Dist.] 1988).  The offense becomes elevated to aggravated
robbery if, as alleged in this case, the accused uses or exhibits a deadly
weapon.  See Tex. Penal Code Ann.
§ 29.03(a)(2) (West 2011).  The term “deadly weapon” is defined as “a firearm
or anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury” or “anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.”  Tex. Penal Code Ann. § 1.07(a)(17)
(West 2011).  

Officers recovered an air rifle from the van, which
was admitted into evidence.  The firearms examiner testified that the air rifle
is not a firearm, and expressly referred to it as a weapon.  One of the
officers testified that the air rifle is a deadly weapon.  Whether an object,
in its use or intended use, is capable of causing death or serious bodily
injury must be evaluated in light of the facts that existed at the time of the
alleged offense.  See Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim.
App. 2005).  

  The officer who recovered the air rifle opined that
it was a deadly weapon.  The firearms examiner testified that although she held
no opinion as to whether the air rifle could cause serious bodily injury, the
weapon propelled steel BBs and lead pellets well above or even double the
velocity necessary to perforate human skin or penetrate a human eye.  A worn
label on the air rifle bears the following: “Caution, not a toy, adult
supervision [illegible] . . . Misuse or careless use may cause [illegible]
jury.”  The firearms examiner presumed that the worn portions of the label
cautioned that misuse or careless use could result in injury or death.  See
id. at 299 (concluding evidence was sufficient to support finding of a
deadly weapon, in part, based on testimony that a warning label cautioned that
injury or death could result from misuse or careless use).  Appellant
acknowledges in his appellate brief that in certain circumstances, the air
rifle is capable of propelling some types of ammunition in a manner that could
cause serious bodily injury.  But, appellant claims that, as used in the commission
of the alleged offense, the unloaded air rifle was not capable of causing
serious bodily injury.  He refers to evidence that the unloaded weapon was held
in his lap as he was seated inside the van, which was anywhere from three to
fifteen feet away from the complainant.  A fact-finder reasonably could have
inferred that the air rifle was loaded based on the complainant’s testimony
that appellant pointed the gun at him and threatened to shoot him.  See Adame
v. State, 69 S.W.3d 581, 582 (Tex. Crim. App. 2002) (providing that
whether a BB gun was loaded or unloaded is not significant to a determination
of a deadly-weapon finding).  

Appellant also asserts that threats of which the
complainant testified he made were “hollow.”  An actor need not actually intend
death or serious bodily injury in order for an object to be considered a deadly
weapon.  See McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App.
2000).  In considering whether an object is a deadly weapon, the jury may
consider all of the facts of a case, including the words spoken by the accused.
 Blain v. State, 647 S.W.2d 293, 294 (Tex. Crim. App. 1983).  The record
reflects that appellant brandished the air rifle, pointed it at the complainant,
his brother, and a frightened eleven-year-old boy, and threatened to “. . .
light one of them up” after the driver directed appellant to “get the AK.”[2]  Appellant’s
threats, while pointing the weapon at the complainant, suggest that he held a
firearm rather than merely a gun of the nonlethal variety.  See Davis v.
State, 180 S.W.3d 277, 286 (Tex. App.—Texarkana 2005, no pet.).  The jury
was entitled to believe that appellant was capable of making good on his
threats to use the weapon.  See Delgado v. State, 986 S.W.2d 306, 308–09
(Tex. App—Austin 1999, no pet.) (providing that the jury was entitled to
believe an accused was capable of making good on his threats when the evidence
reflected that he brandished an unloaded pistol, held it to the heads of the complainants,
and threatened to kill them).  Likewise, the jury was entitled to infer that
the air rifle allegedly used in the commission of the offense was a deadly
weapon.  Campbell v. State, 577 S.W.2d 493, 494–96 (Tex. Crim. App.
1979) (providing that an air pistol was considered a deadly weapon, even if it
was unloaded, when defendant pointed it at complainant and threatened to kill
complainant); Williams v. State, 240 S.W.3d 293, 298 (Tex. App.—Austin
2007, no pet.) (concluding legally sufficient evidence supported a
determination that a CO2-powered BB pistol was a deadly weapon when
it was pointed directly at the complainants in a robbery).

Viewing the evidence in the light most favorable to
the verdict, we conclude that the evidence is legally sufficient to support the
jury’s deadly-weapon finding.  See id.  To the extent appellant
asserts the judgment should be reformed to reflect a lesser-included offense of
robbery or that a new punishment hearing is warranted for a conviction of a
lesser-included offense, his arguments lack merit.  We overrule appellant’s
first issue.

            The trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

Panel consists of Justices Frost,
Jamison, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]
The record does not indicate whether the complainant’s cousin handed over items
to the men in the van.





[2]
The complainant understood this reference to mean a rifle called the AK-47.