**Opinion issued July 12, 2016.**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-15-00466-CV

—————————————

**DAVID SCHIED, Appellant**

**V.**

**MICHAEL RAY MERRITT, Appellee**

On Appeal from Probate Court No. 1
Harris County, Texas
Trial Court Case No. 434,875

## MEMORANDUM OPINION

Appellant David Schied is appealing the probate court's order granting appellee Michael Ray Merritt's no-evidence motion for summary judgment and dismissing appellant's contest to Merritt's application to probate the 2014 will of appellant's brother, Michael Edward Schied. We affirm.

**Background**

In January 2014, Michael Edward Schied executed his last will and testament which named Michael Ray Merritt as the independent executor. After Michael died in August 2014, Merritt filed an application to probate the will and for letters testamentary in Harris County probate court. Appellant, Michael's brother and a beneficiary under the will, filed a pro se contest to Merritt's application alleging that Merritt was not qualified to serve as executor.[1]

In his contest, appellant also asked the probate court to (1) issue an order compelling Merritt and Jeanette Smith, appellant's sister and another beneficiary under the will, to produce certain records and documents regarding Michael's estate, including an itemized accounting of all property removed from his home, and (2) grant injunctive, declaratory, and other relief necessary to preserve the estate's assets. Appellant attached nineteen "exhibits" to his sixty-page pleading.

Appellant subsequently filed other motions and pleadings seeking various types of relief and attempting to formally join Jeannette, Jeanette's attorney Robin

---

[1]     Appellant's pleading was entitled, "'Complaint and Brief in Support of Opposition' to Michael Ray Merritt's 'Application to Probate Will and for Letters Testimony [sic]' and 'Motion for Order to Show Cause and to Compel Documents' and for Injunctive, Declaratory, and other Relief in Actions Taken Thus Far Against Plaintiff's *Survivorship* Rights, and to Determinate [sic] the actual necessity and degree of Need for This Court's Further Involvement in the 'Probating' of the Remaining Terms of Mickey Schied's *Last Will* and the Last Aspects of 'Administration' of Mickey Schied's Estate."

Apostolakis, Merritt's wife Wynde Merritt, and Merritt's attorney David Munson, as parties.

On March 6, 2015, Merritt filed a no-evidence motion for summary judgment on appellant's contest to Merritt's qualifications to serve as the independent executor of Michael's estate. Appellant did not file a response to the motion.

On April 8, 2015, the probate court granted Merritt's no-evidence motion for summary judgment, dismissed appellant's contest, and signed an order stating that "[t]his judgment finally disposes of all parties and all claims and is appealable." The record reflects that appellant did not file a motion for new trial or request any post-judgment relief from the trial court. This appeal followed.

**Pro Se Litigants**

Appellant is representing himself in this case. Although we must liberally construe pro se pleadings and briefs, we nevertheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181,184–85 (Tex. 1978); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *see also Harkins v. Dever Nursing Home*, 999 S.W.2d 571, 573 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (requiring pro se litigants to substantially comply with appellate rules). A pro se litigant is required to properly present his case to both the trial and appellate courts. *Valadez*, 238 S.W.3d at 845. Otherwise, pro se litigants

would benefit from an unfair advantage over those parties who are represented by counsel. *See id.* Therefore, we do not make allowances or apply different standards when a case is presented by a litigant acting without the advice of counsel. *See id.*

The Texas Rules of Appellate Procedure control the required contents and organization for an appellant's brief. *See* TEX. R. APP. P. 38.1. An appellate brief is "meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case . . . ." *Id.* R. 38.9. Therefore, an appellant's brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This requirement is not satisfied by merely uttering conclusory statements unsupported by legal citations. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.). A brief must explain how the law that is cited is applicable to the facts of the case. *Hernandez v. Hernandez*, 318 S.W.3d 464, 466 (Tex. App.—El Paso 2010); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied); *Nguyen v. Kosnoski*, 93 S.W.3d 186, 188 (Tex. App.—Houston [14th Dist.] 2002, no pet.). This Court has "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Hernandez*, 318 S.W.3d at 466; *see 2218 Bryan St., Ltd. v. City of Dallas*, 175 S.W.3d 58, 65 n.2 (Tex. App.—Dallas 2005, pet.

denied). When an appellant's brief fails to contain a clear and concise argument for the contentions made with appropriate citations to legal authorities, the appellate court is not responsible for doing the legal research that might support that party's contentions. *Bolling v. Farmers Branch Indep. Sch,=. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.); *Canton–Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). If we were to do so, we would be abandoning our role as judges and assuming the role of advocate for that party. *Bolling*, 315 S.W.3d at 895; *Canton–Carter*, 271 S.W.3d at 931.

## Incorporation of Previous Filings by Reference

Appellant has attempted to incorporate by reference all of his previous filings in this case. The rules of appellate procedure and applicable case law require that all arguments must be set forth in the briefs; incorporating by reference arguments made in another document does not present an issue for appellate review. *See Young v. Neatherlin*, 102 S.W.3d 415, 423 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Accordingly, we will not consider any arguments raised in any of the documents appellant has attempted to incorporate by reference unless such arguments were sufficiently set forth in appellant's brief in compliance with Rule 38.1. *See* TEX. R. APP. P. 38.1; *Young*, 102 S.W.3d at 423; *see also Francis v. State*, 746 S.W.2d 276, 278 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd) (refusing to consider brief

appellant had filed in another case that appellant attempted to incorporate by reference).

**Parties**

Although appellant filed a "Summons and Counter-Complaint and/or Cross Complaint," in which he attempted to assert claims against Jeanette, Wynde, Apostolakis, and Munson and join them as parties, the appellate record does not reflect that any of these individuals were properly served with citation or made an appearance in the trial court.

Specifically, the record does not reflect that appellant requested the Harris County clerk to issue citations to Jeanette, Wynde, Apostolakis, or Munson or that any such citations were ever issued in this case. Furthermore, the only "citation" included in the appellate record does not appear to have been prepared by the clerk because it was not signed by the clerk, and it does not contain the court's seal. *See* TEX. R. CIV. P. 99(a) ("when requested," trial court clerk shall issue citation, and requesting party is responsible for obtaining service), 99(b)(2) (stating citation "shall . . . be signed by the clerk under seal of court").

The record also does not reflect that Jeanette, Wynde, or Apostolakis filed an answer in this proceeding or sought any affirmative relief from the trial court.

Appellant contends that Munson made an appearance by virtue of the fact that he represented Merritt in this case. Munson, however, only appeared on behalf of

6

his client; he did not file an answer, appear, or seek any relief from the trial court on his own behalf as a purported defendant.

Appellant further contends that Jeannette and Apostolakis appeared in this case when they attended a hearing, and that Apostolakis acknowledged that she represented Jeanette in this probate proceeding when Apostolakis sent appellant a letter regarding the will. On the contrary, one does not appear in a case by corresponding with one of the parties involved in the matter, or by being present in the courtroom during proceedings. *See In re S.K.A.*, 236 S.W.3d 875, 895–96 (Tex. App.—Texarkana 2007, no pet.) (stating that purported defendant's letter written to opposing counsel, not court, insufficient to submit defendant to court's jurisdiction); *Mays v. Perkins*, 927 S.W.2d 222, 225 (Tex. App.—Houston [1st Dist.] 1996, no writ) (holding party's mere presence in courtroom during proceeding does not constitute an appearance); *see generally Forty-Acre Spring Live Stock Co. v. W. Tex. Bank & Tr. Co.*, 111 S.W. 417, 419 (Tex. Civ. App. 1908, writ ref'd) ("'Appearance' means, ordinarily, the process by which a person, against whom a suit has been commenced, submits himself to the jurisdiction of the court.").

Because the record does not reflect that Jeanette, Wynde, Apostolakis, or Munson were served with a citation issued by the county clerk, or that they made an appearance in the trial court, they were not parties to the trial court's final judgment and, as such, they are not "appellees" for purposes of this appeal. *See Yilmaz v.*

7

*McGregor*, 265 S.W.3d 631, 637 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("To be a 'party' to a lawsuit, one generally must be named in the pleadings and either be served, accept or waive service, or make an appearance. Merely being named in a petition as a defendant does not make one a 'party' to the lawsuit."); *see also Showbiz Multimedia, LLC v. Mountain States Mortg. Ctrs., Inc.*, 303 S.W.3d 769, 771 n.3 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (noting that appellee must be party to trial court's final judgment and someone against whom appellant raises issues or points of error in appellant's brief).

## Appellate Issues

Appellant argues on appeal that: (1) the trial court erred by denying his motions for default judgment against Merritt, Jeanette, Wynde, Apostolakis, and Munson; (2) the trial court erred in granting Merritt's "no evidence" summary judgment motion; (3) the trial court erred by denying him a jury trial; (4) the actions of the trial judge, court coordinator, county clerk, and/or other parties deprived him of equal protection and equal treatment under the law; (5) the actions of the trial judge, court coordinator, county clerk, and/or other parties deprived him of due process; and (6) the trial judge, court coordinator, county clerk, and/or other parties violated canons of the Code of Judicial Conduct, the local rules, and/or rules of procedure. To the extent that appellant raised any additional arguments not identified

in this opinion, such arguments were inadequately briefed and preserved nothing for our review. *See* TEX. R. APP. P. 38.1(h).

## Appellant's Motions for Default Judgment

Appellant contends that the trial court erred by denying his motions for default judgment against Merritt, Jeanette, Wynde, Apostolakis, and Munson. Even assuming, without deciding, that appellant is a "plaintiff" who has asserted a separate claim against "defendant" Merritt, appellant was not entitled to take a default judgment against Merritt because Merritt had already appeared in the case. *See* TEX. R. CIV. P. 508.3(d) ("If the defendant files an answer or otherwise appears in a case before a default judgment is signed by the judge, the judge must not render a default judgment and must set the case for trial."). Furthermore, appellant was not entitled to take a default judgment against Jeanette, Wynde, Apostolakis, and Munson because those individuals were never properly served with citation. *See generally* TEX. R. CIV. P. 239 (stating that plaintiff may not take judgment by default against defendant unless "return of service [of citation] shall have been on file with the clerk for the length of time required by Rule 107").

We overrule this appellate complaint.

## Merritt's "No Evidence" Summary Judgment

Appellant contends that the trial court erred in granting Merritt's "no evidence" summary judgment motion because (1) appellant was not properly served

9

with the motion, (2) the motion and the trial court's ruling on the motion were premature because they were filed and entered before the close of discovery, and (3) appellant attached nineteen exhibits to his "original complaint."

A nonmovant who complains of less than twenty-one days' notice of a summary judgment hearing but admits to knowing of the hearing date before it occurs waives its defense of insufficient notice if he fails to bring the defect to the trial court's attention at or before the erroneously scheduled hearing or submission date. *See May v. Nacogdoches Mem'l Hosp.*, 61 S.W.3d 623, 626 (Tex. App.—Tyler 2001, no pet.); *see also Nguyen v. Short*, 108 S.W.3d 558, 560 (Tex. App.—Dallas 2003, pet. denied); *Rios v. Tex. Bank*, 948 S.W.2d 30, 33 (Tex. App.—Houston [14th Dist.] 1997, no writ). A nonmovant may preserve a complaint of untimely notice through a motion for continuance or in its response to the summary judgment motion. *Nguyen*, 108 S.W.3d at 560. By contrast, a nonmovant who receives no notice of a summary judgment hearing or submission date must raise a lack-of-service defense in a motion for new trial or other post-judgment filing in order to preserve the error. *See Mayfield v. Fullhart*, 444 S.W.3d 222, 226 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). It is unclear whether appellant is arguing that he received "no notice" or insufficient notice on appeal, but in either event, the record does not reflect that appellant ever complained to the trial court that he had

10

no notice or insufficient notice of Merritt's motion, and therefore, he has not preserved this issue for our review. *See id.*; *Nguyen*, 108 S.W.3d at 560.

Similarly, to preserve a complaint that the trial court's decision on a summary judgment motion was premature, the party claiming it did not have adequate time for discovery must file either an affidavit explaining the need for further discovery or a verified motion for continuance. *See Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996). Appellant does not show that he did either. Accordingly, appellant failed to preserve any alleged error on this point. *See Guerrero v. Mem'l Turkey Creek, Ltd.*, No. 01–09–00237–CV, 2011 WL 3820841, at *4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2011, no pet.) (mem. op.).

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* TEX. R. CIV. P. 166a(i) cmt.; *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002). The nonmovant must expressly and specifically identify in its response to a summary judgment motion the supporting evidence that it contends is sufficient to raise a genuine issue of material fact. *See Boeker v. Syptak*, 916 S.W.2d 59, 61 (Tex. App.—Houston [1st Dist.] 1996, no writ); *see also* TEX. R.

11

CIV. P. 166a(i) cmt. ("To defeat a [no-evidence summary judgment] motion made under paragraph (i), the respondent is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."). Although appellant attached nineteen exhibits to his initial pleading, he did not file a response to Merritt's "no evidence" summary judgment motion directing the trial court to these exhibits. Because appellant failed to file any response to Merritt's motion, appellant did not meet his burden of proof on this issue, and, therefore, the trial court did not err in granting summary judgment in Merritt's favor. *See S.W. Elec. Power Co.*, 73 S.W.3d at 215.

We overrule appellant's challenge to the trial court's granting of Merritt's no-evidence summary judgment motion.

### Denial of a Jury Trial

Appellant argues that the trial court violated Rule of Civil Procedure 504.1 when it granted Merritt's "no evidence" summary judgment motion and disposed of the entire case, thereby depriving appellant of his right to a trial by jury. *See* TEX. R. CIV. P. 504.1. The right to a jury trial in a civil case, however, is not absolute. *See Springer v. Am. Zurich Ins. Co.*, 115 S.W.3d 582, 585 (Tex. App.—Waco 2003, pet. denied) ("We hold that a no-evidence summary judgment under Rule 166a(i) does not violate the right to a jury trial because, by presenting no evidence in support of one's claim, a party has failed to show that there is a material fact issue for a jury to

12

consider."). Because the trial court did not err by granting Merritt's "no evidence" summary judgment motion, the trial court's disposition of this case did not violate appellant's right to a jury trial. *See id.*

We overrule appellant's challenge based upon Rule 504.1.

**Equal Protection and Treatment**

Appellant raises numerous equal protection and equal treatment challenges on appeal, none of which are preserved for appellate review.

To preserve a complaint on appeal, the record must show that the appellant made the complaint to the trial court by a timely request, objection, or motion and that the trial court ruled on the request, objection, or motion either expressly or implicitly, or that the trial court refused to rule and the party objected to the refusal. TEX. R. APP. P. 33.1(a). The appellant's complaint on appeal must be the same as the complaint presented to the trial court. *Sefzik v. Mady Dev., L.P.*, 231 S.W.3d 456, 464 (Tex. App.—Dallas 2007, no pet.). These rules also apply to constitutional challenges. *See Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993) (holding party waived due process and equal protection challenges by failing to raise them in trial court). The record before us, however, does not reflect that appellant ever argued to the trial court that he was deprived of his right to equal protection or equal treatment under the law. According, appellant has not preserved any such arguments for our review. *See id.* Even if appellant had raised such arguments to the trial court,

appellant has not cited to any legal authority that supports his allegations and it is not this court's responsibility to craft such legal arguments for him. *See* TEX. R. APP. P. 38.1(h); *Canton–Carter*, 271 S.W.3d at 931–92.

We overrule appellant's equal protection and equal treatment arguments.

**Due Process**

Appellant also raises numerous due process challenges on appeal, none of which are preserved for appellate review.

The record reflects that, unlike his equal protection and treatment arguments, appellant raised some of his due process arguments with the trial court. Nevertheless, appellant has not preserved these arguments for our review because he has not cited to any legal authority that actually supports his allegations that the trial court, the court coordinator, the clerk's office, or any other party, acted in such a way as to deprive him of due process. *See* TEX. R. APP. P. 38.1(h). For example, appellant argues on appeal that the trial court deprived him of due process and violated Rule of Civil Procedure 62 when it dismissed his case without first giving him an opportunity to replead and cites five U.S. Supreme Court opinions in support of his contention. *See generally Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S. Ct. 1723 (1984) (per curiam); *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972); *Conley v. Gibson*, 355

U.S. 41, 78 S. Ct. 99 (1957). Appellant's reliance upon these cases is misplaced.[2]

These opinions address a federal court's obligation to liberally construe a pro se litigant's complaint and not dismiss such complaints for failure to state a claim unless the litigant can prove no set of facts in support of his claim which would entitle him to relief. Appellant's challenge to Merritt's qualifications to serve as executor, however, was not dismissed for failure to state a claim; the trial court granted summary judgment in Merritt's favor based on appellant's failure to present any evidence supporting his claim. Thus, these cited cases are inapplicable for purposes of appellant's due process complaint. Furthermore, appellant's reliance upon Rule 62 is similarly misplaced because the trial court's ruling was based on appellant's failure to present evidence, not a pleading deficiency. *See* TEX. R. CIV. P. 62. Accordingly, because appellant's brief does not contain a clear and concise due process argument, with appropriate citations to supporting legal authority and the record, appellant has not preserved any of his due process arguments for our review. *See* TEX. R. APP. P. 38.1(h).

We overrule appellant's due process challenges.

## Code of Judicial Conduct

Appellant contends that the trial judge breached two canons of the Code of Judicial Conduct. Under our constitution, the State Commission on Judicial Conduct

---

[2]    These are the only legal opinions cited in appellant's brief.

15

is charged with enforcement of the Code of Judicial Conduct. TEX. CONST. art. V, § 1–a(6); *see also Joachim v. Chambers*, 815 S.W.2d 234, 243 (Tex. 1991); *Howell v. Hecht*, 821 S.W.2d 627, 632 (Tex. App.—Dallas 1991, writ denied) ("[W]e find that the only remedy or sanction that is afforded by the Code states: 'Any judge who violates this Code shall be subject to sanctions by the State Commission on Judicial Conduct.'"). We are therefore without jurisdiction to address any alleged breach of the Code of Judicial Conduct. *Cf. Merritt v. Davis*, 331 S.W.3d 857, 863 (Tex. App.—Dallas 2011, pet. denied) (finding no authority to support proposition that violation of Code of Judicial Conduct amounts to reversible error). We overrule appellant's challenge based on alleged violations of the Code of Judicial Conduct.

### Alleged Violations of Local Rules and Rules of Procedure[3]

Appellant contends that after he informed the trial court that Merritt's counsel had violated the "Harris County Local Rules of District Courts Concerning the Electronic Filing of Court Documents" by electronically serving him when he did not wish to be served electronically, the judge failed to act or admonish the attorney. He further contends that the trial court clerk's docketing practice violates Rules of Civil Procedure 1, 4, 5, and 26. Appellant, however, does not cite to any legal authority holding that the violation of any of these rules constitutes reversible error

---

[3] We further note that appellant's reliance upon "Rule 21.8" is misplaced because that rule of appellate procedure pertains to motions for new trial in *criminal* cases. TEX. R. APP. P. 21.8.

and we are not responsible for doing the legal research that might support such contentions. *See Canton–Carter*, 271 S.W.3d 928, 931–92. We overrule appellant's challenge based on alleged violations of the local rules and the Rules of Civil Procedure.

## Appellant's Motion for Default Judgment on Appeal

In addition to his brief, appellant also filed a motion seeking a "default judgment" in this appeal based on appellee's failure to file a brief. An appellant cannot prevail on appeal merely because the appellee does not file a brief. *See Com. Credit & Control Data Corp. v. Wheeler*, 756 S.W.2d 769, 771 (Tex. App.—Corpus Christi 1988, writ denied) ("The burden rests on the appellant to present to us, through its brief, errors committed by the trial court . . . . The appellees' failure to properly submit a brief does not in itself entitle appellant to a reversal."). Appellant's motion is denied.

## Conclusion

We affirm the trial court's judgment and dismiss any outstanding motions as moot.


Russell Lloyd
Justice

Panel consists of Justices Bland, Brown, and Lloyd.